UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

VINCENT LIBERO,   CASE NO.:

    Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda
Company, d/b/a NORWEGIAN CRUISE LINE,

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, VINCENT LIBERO (hereinafter "LIBERO") by and through his undersigned counsel, and sues the Defendant, NCL (BAHAMAS) LTD, a Bermuda Company, d/b/a NORWEGIAN CRUISE LINE, (hereinafter "NCL"), and says:

1. This is a maritime action for personal injury damages.

2. That Defendant, "NCL", is a foreign corporation, authorized to do, and doing business, in the State of Florida, and did business in Florida as "NORWEGIAN CRUISE LINE", providing cruising voyages to paying passengers, and owned and/or operated a cruising vessel known as the *"Breakaway"*.

3. "LIBERO" is a citizen of the State of New Jersey and diversity of Citizenship exists.

4. That jurisdiction is proper in this Court pursuant to 28 U.S.C. §1333, which provides original jurisdiction to the United States District Court, exclusive of state courts, of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

VINCENT LIBERO VS. NCL (BAHAMAS) LTD d/b/a NORWEGIAN CRUISE LINE
Case No:
Page 2 of 4

5. That venue is proper in the Southern District of Florida, Miami Division in that Defendant "NCL's" principal place of business is in Miami, Miami/Dade County, Florida.

6. That Jurisdiction and venue are proper in the U.S. District Court for the Southern District of Florida, Miami/Dade County, under the terms of the cruise ticket tendered by Defendant, "NCL" to Plaintiff, "LIBERO". The Defendant has a copy of the contract for passage.

7. That on November 6, 2015, Plaintiff, "LIBERO", was a fare-paying passenger on the vessel Breakaway, that was at all times material hereto, a vessel owned and operated by Defendant, "NCL".

8. That on November 6, 2015, Plaintiff, "LIBERO", was an invitee upon the vessel owned and operated by Defendant, "NCL", having come onto the vessel to make use of the facilities.

9. That on November 6, 2015, Plaintiff, "LIBERO" was injured when the chair he attempted to sit on in the Uptown Bar & Grill on the vessel *Breakaway*, collapsed underneath him causing him to fall to the floor.

10. The chair was not properly maintained and there were no warning signs.

11. That the chair and surrounding area of the vessel and all if its attendant attractions, is owned operated by Defendant "NCL" and it is also within the exclusive control of "NCL".

12. That at the aforementioned time and place, the Defendant, through its agents and/or employees, was negligent in the following acts of commission and/or omission:

    a. Failure to properly maintain the cruising vessel *Breakaway* in a reasonably safe condition for use by Plaintiff and others similarly situated.

    b. Failure to properly supervise its staff to maintain the cruising vessel in a reasonably safe condition for use by Plaintiff and others similarly situated.

VINCENT LIBERO VS. NCL (BAHAMAS) LTD d/b/a NORWEGIAN CRUISE LINE
Case No:
Page 3 of 4

    c. Failure to correct a dangerous condition of which it either knew or should have known through the use of reasonable care.

    d. Failure to warn the Plaintiff, "LIBERO", of the existence of a dangerous condition on Defendant's cruising vessel, of which the Defendant either knew or should have known through the use of reasonable care.

    e. Failure to correct the dangerous condition, despite repeated accidents and injuries similar to that of Plaintiff, "LIBERO".

    f. Failure to exercise reasonable care under the circumstances.

13. That as a direct and proximate result of the aforementioned negligence on the part of Defendant "NCL", Plaintiff, "LIBERO", was injured in and about his body and extremities; was caused great physical pain and mental suffering; has suffered physical and mental losses and impairments which are, within a reasonable degree of medical probability, permanent and/or continuing in nature, and will suffer said losses and impairments in the future; has been caused to expend money for the treatment of his injuries and will, in the future, be caused to expend further monies for treatment of his injuries.

WHEREFORE Plaintiff, VINCENT LIBERO, demands judgment for damages against Defendant, NCL (BAHAMAS) LTD a Bermuda Company, d/b/a NORWEGIAN CRUISE LINE.

### DEMAND FOR JURY TRIAL

Plaintiff, VINCENT LIBERO, hereby demands trial by jury of all issues triable as of right by a jury.

VINCENT LIBERO VS. NCL (BAHAMAS) LTD d/b/a NORWEGIAN CRUISE LINE
Case No:
Page 4 of 4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October ___18th___, 2016, I electronically filed the foregoing document with the Clerk of the court using CM/ECF and a true and correct copy of the foregoing document will be served on the Defendant via service of process in due course.

LABOVICK LAW GROUP
5220 Hood Road, Suite 200
Palm Beach Gardens, FL 33418
(561) 625-8400 - Telephone
(561) 370-6411 - Facsimile
Email: Phunt@labovick.com
2nd: Pdaddario@labovick.com

By: _____
Peter Hunt, Esq.
Florida Bar No.: 107350
